Filed 3/17/23 P. v. Valtierra CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>      v.<br><br>HILEBERTO VALTIERRA,<br><br>   Defendant and Appellant. | F084524<br><br>(Fresno Super. Ct. No. F19908265)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County. Alvin M. Harrell III, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P. J., Meehan, J. and De Santos, J.

## INTRODUCTION

In 2020, appellant and defendant Hileberto Valtierra (appellant) was found guilty, after a jury trial, of second degree murder and attempted second degree murder, with firearm enhancements, and was sentenced to an aggregate third strike term of 200 years to life.

In 2022, appellant filed a petition for resentencing of his convictions pursuant to Penal Code section 1172.6[1] and asserted he was convicted based on theories of imputed malice. The trial court appointed counsel, conducted a hearing, and denied relief without issuing an order to show cause.

Shortly after the decision in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), appellant's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Appellant filed a supplemental brief on his own behalf. After conducting a review of the record and reviewing his contentions, we affirm the trial court's denial of his petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2020, an information was filed in the Superior Court of Fresno County charging appellant with committing the following offenses on December 9, 2019: count 1, first degree murder of Angel Trejo (§ 187), and count 2, attempted premeditated murder of Esteban Trejo (§§ 664, 187), with enhancements for both counts that he personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)).[2]

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.
Appellant filed his petition under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 714; Stats. 2022, ch. 58 (Assem. Bill. 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

[2] The information alleged the victim in count 1 was John Doe, but the verdict form states the victim was Angel Trejo.

In counts 3, 4, and 5, appellant was charged with assault with a firearm on, respectively, Hermando German Rodriguez, Leticia Rodriguez-Alejo, and Jane Doe (§ 245, subd. (a)(2)), with enhancements for personal use of a firearm, a handgun (§ 12022.5, subd. (a)).

It was further alleged appellant had two prior strike convictions based on juvenile adjudications for murder and assault with a firearm, both found true in 2000. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

**Jury Trial and Instructions**

In or about August 2020, appellant's jury trial was held. The court instructed the jury on homicide (CALCRIM No. 500); the definition of murder, and express and implied malice (CALCRIM No. 520); first degree murder and premeditation (CALCRIM No. 521); that provocation could reduce first degree murder to second degree murder or manslaughter (CALCRIM No. 522); lawful self-defense as a complete defense (CALCRIM No. 505); that murder could be reduced to manslaughter based upon sudden quarrel or heat of passion (CALCRIM No. 570) or imperfect self-defense (CALCRIM No. 571); attempted murder and the intent to kill (CALCRIM No. 600); premeditated attempted murder (CALCRIM No. 601); attempted voluntary manslaughter based on sudden quarrel or heat of passion (CALCRIM No. 603) or imperfect self-defense (CALCRIM No. 604); and the section 12022.53, subdivision (d) firearm enhancements attached to counts 1 and 2 (CALCRIM No. 3149).

The jury was not instructed on felony murder, the natural or probable consequences doctrine, aiding and abetting, or any theory of imputed malice.

**Verdicts**

On August 21, 2020, appellant was found not guilty of count 1, first degree murder, but guilty of the lesser included offense of second degree murder of Angel Trejo, and the section 12022.53, subdivision (d) enhancement was found true.

3.

As to count 2, appellant was found not guilty of attempted first degree murder, but guilty of the lesser included offense of attempted second degree murder of Esteban Trejo, with the section 12022.53, subdivision (d) enhancement found true.

Appellant was found guilty as charged in counts 3, 4, and 5, assault with a firearm, and the personal use enhancements found true.

On August 24, 2020, the court found the two prior strike convictions were true.

**Sentencing**

On September 22, 2020, the trial court sentenced appellant to an aggregate third strike term of 200 years to life plus a determinate term of 30 years, as follows: count 1, second degree murder, 45 years to life plus 25 years to life for the section 12022.53, subdivision (d) personal discharge enhancement; count 2, attempted second degree murder, a consecutive term of 30 years to life plus 25 years to life for the personal discharge enhancement; and for each of counts 3,4, and 5, consecutive terms of 25 years to life plus 10 years for the section 12022.5, subdivision (a) firearm enhancements attached to those counts.

It does not appear that appellant filed a notice of appeal.

**APPELLANT'S PETITION FOR RESENTENCING**

On January 24, 2022, appellant filed, in pro. per., a petition in the trial court for resentencing of his murder and attempted murder convictions, pursuant to section 1172.6, and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that (1) he was eligible for resentencing because a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or

4.

manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or manslaughter; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

**The Parties' Briefs and Appointment of Counsel**

On February 17, 2022, the district attorney filed opposition with supporting exhibits consisting of the jury instructions and verdict forms from appellant's trial. The district attorney argued that the instructions showed the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any theory of imputed malice, and appellant was convicted as the actual killer and not entitled to relief.

On March 16, 2022, appellant filed, in pro. per., a supplemental brief in support of his petition, and argued the trial evidence and new "exculpatory facts" raised doubts that he was the actual killer, and the district attorney's closing argument relied on the natural and probable consequences doctrine.

On April 19, 2022, the court appointed counsel to represent appellant.

On May 31, 2022, the People filed supplemental opposition, and argued that appellant's claims about imputed malice were based on CALCRIM No. 520, that instruction addressed implied malice, the jury was not instructed on imputed malice or the natural and probable consequences doctrine as addressed by the amendments enacted by Senate Bill No. 1437, and the instructions showed appellant was properly convicted as the actual killer.

**The Court's Hearing on the Petition**

On June 3, 2022, Judge Alvin M. Harrell III, who presided over appellant's jury trial, held a hearing as to whether appellant's petition stated a prima facie case for relief. Appellant's counsel waived appellant's presence.

The court denied the petition and stated that, while it did not remember the case, it was "going by representation of counsel that this was the individual who specifically, personally, intentionally discharged a firearm."

**Appellate Briefing**

On June 21, 2022, appellant filed a timely notice of appeal.

On December 20, 2022, appellate counsel filed an opening brief pursuant to *Wende*, that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record, and included the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.

Also, on December 20, 2022, this court sent a letter to appellant inviting him to submit additional briefing.

On January 25, 2023, appellant filed, in pro. per., a supplemental brief with this court arguing that he is eligible for resentencing even though the jury found the section 12022.53, subdivision (d) firearm enhancement true; his attorney at the hearing on the petition was prejudicially ineffective for failing to raise certain arguments at his request; the trial court failed to consider his mental state or his alleged new evidence that he was not guilty; and he lacked the ability to form the intent to kill.

**Correction of the Record**

On October 31, 2022, appellate counsel advised the trial court that at the sentencing hearing, it imposed determinate terms of 10 years for each of the section 12022.5, subdivision (a) firearm enhancements attached to counts 3, 4, and 5, but the abstract of judgment erroneously stated the attached enhancements were for indeterminate terms of 10 years to life. Counsel requested correction of the abstract.

On November 1, 2022, the trial court filed an amended abstract of judgment and corrected appellant's sentence to reflect that it imposed determinate terms of 10 years for the section 12022.5, subdivision (a) personal use enhancements attached to each of counts 3, 4, and 5.

## DISCUSSION

**I.     Appellate Review and Delgadillo**

On December 19, 2022, the California Supreme Court issued its opinion in *Delgadillo, supra*, 14 Cal.5th 216, and held a *Wende* analysis is not applicable to a trial court's order that denies a petition for postconviction relief under section 1172.6. (*Delgadillo*, at p. 222.) *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Delgadillo*, at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues. [Citation.] If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter. [Citation.] While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

*Delgadillo* stated in that case, appellate counsel filed a *Wende* brief, along with a declaration that counsel advised the defendant that he could personally file a supplemental brief raising any issues. The appellate court sent a notice to the defendant that he could file a supplemental brief, but that notice did not state the appeal would be

7.

dismissed if he failed to do so. (*Delgadillo, supra*, 14 Cal.5th at pp. 223–224.) *Delgadillo* held the appellate court's notice to the defendant was "suboptimal" because "it indicated that the *Wende* procedures would apply when they did not, and it did not inform [the defendant] that the appeal would be dismissed as abandoned if no supplemental brief or letter was filed." (*Id.* at p. 222.)

As a result, *Delgadillo* conducted its own independent review of the record "voluntarily in the interest of judicial economy," and determined the defendant was not entitled to relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at p. 222.)

### *Analysis*

On December 20, 2022, less than 24 hours after *Delgadillo* was filed, appellant's counsel filed a *Wende* brief with this court, that included counsel's declaration that his client was advised he could file his own brief with this court. By letter on the same day, this court informed appellant that he could file a letter in this matter stating any grounds that he wanted this court to consider, and if he did not do so within 30 days, "the court will assume you have nothing further to add."

As in *Delgadillo*, this court's notice must be deemed "suboptimal" because appellant was not informed that his appeal would be dismissed as abandoned if he did not file a supplemental brief or letter.

On January 25, 2003, appellant filed, in pro. per., a supplemental brief with this court and argued he was eligible for relief under section 1172.6 based on several contentions.

Accordingly, we will address appellant's contentions and conduct our own independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 233.)

## II. Section 1172.6

We turn to Senate Bill No. 1437's (2017–2018 Reg. Sess.) (Senate Bill 1437) amendments of sections 188 and 189, the enactment of section 1172.6, and subsequent statutory amendments.

"Effective January 1, 2019, Senate Bill … 1437 … amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," codified in section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 708, fn. omitted.) The original version of the statute permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill … 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Effective January 1, 2022, Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) amended section 1172.6 and " 'clarifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Section 1172.6, subdivision (a) thus states:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)[3]

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.*, subd. (c).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

---

[3] While not applicable herein, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f).)

If an order to show cause is issued, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.…" (§ 1172.6, subd. (d)(1).)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens.…" (§ 1172.6, subd. (d)(3).)[4]

The prima facie determination is a question of law, and the trial court may deny a petition at the prima facie stage if the petitioner is ineligible for resentencing as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 966 (*Lewis*).)

*Lewis* announced a prejudicial error standard under *People v. Watson* (1956) 46 Cal.2d 818, that if the court failed to appoint counsel or violated the petitioner's

---

[4] "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing" in determining whether he made a prima facie case for relief. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

statutory rights under former section 1170.95, the petitioner must "therefore 'demonstrate there is a reasonable probability that in the absence of the error he [or she] … would have obtained a more favorable result.' " (*Lewis, supra*, 11 Cal.5th at p. 974.) To demonstrate prejudice from the denial of a former section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson, supra*, 46 Cal.2d at p. 836.)

### III. Appellant Was Ineligible for Relief as a Matter of Law

In determining whether a petitioner made a prima facie case for relief, the court may review the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972 & fn. 6.) The record of conviction allows the court "to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that … culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Id.* at p. 971.)

The jury instructions are part of the record of conviction and may be reviewed to make the prima facie determination, because the instructions "given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing, and reliance on them to make the eligibility or entitlement determinations may not amount to 'factfinding involving the weighing of evidence or the exercise of discretion,' " which must wait to occur until after an order to show cause issues. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, overruled to the extent that it is not inconsistent with *Lewis, supra*, 11 Cal.5th 952.)

"If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong, supra,* 13 Cal.5th at p. 708.)

12.

*Analysis*

The trial court complied with the procedural requirements of section 1172.6 by appointing counsel, requesting briefing, and conducting a hearing. We note that the same judge presided over appellant's jury trial but stated he could not remember the case. The court denied the petition without issuing an order to show cause, by accepting the district attorney's representation that appellant "was the individual who specifically, personally, intentionally discharged a firearm," that was presumably based upon the true findings on the section 12022.53, subdivision (d) enhancements attached to the murder and attempted murder convictions.

To the extent the court erroneously made factual findings based upon the enhancements, such reliance is not prejudicial if it is reasonably probable that, absent error, appellant's petition would have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at pp. 972–974; *People v. Watson, supra*, 46 Cal.2d at p. 836.)

As explained above, the district attorney submitted the complete set of instructions given to the jury and the verdict forms, which may be considered as part of the record of conviction. Aside from the personal discharge enhancements, the jury was instructed that to find appellant guilty of murder and attempted murder, it had to find he acted with express or implied malice, and he intended to kill the victims. The jury was not instructed on the felony-murder rule, the natural and probable consequences doctrine, aiding and abetting, or any theory of imputed malice.

The jury instructions and verdict thus demonstrate appellant is ineligible for relief under section 1172.6 as a matter of law, and the court's improper factual findings were not prejudicial.

*Appellant's Contentions*

Appellant's supplemental briefing raises several contentions that his petition stated a prima facie case for relief.

13.

### *Offley and Section 12022.53, Subdivision (d)*

First, appellant argues the trial court improperly denied relief without issuing an order to show cause because it relied on the jury's true findings on the section 12022.53, subdivision (d) enhancements attached to murder and attempted murder charges. Appellant's argument is based upon *People v. Offley* (2020) 48 Cal.App.5th 588, where petitioner Offley was one of five defendants charged with participating in a gang-related shooting. He was charged with murder, attempted murder, and shooting into an occupied vehicle. (*Id.* at p. 592.) The People presented evidence showing a conspiracy among the defendants. The jury was instructed that a member of a conspiracy is guilty not only of the particular crime he knows his confederates agreed to and committed, but also for the natural and probable consequences of any crime of a coconspirator to further the object of the conspiracy. Petitioner was convicted of murder, attempted murder, and shooting into an occupied vehicle, and the jury found true the section 12022.53, subdivision (d) enhancement, that he personally used and intentionally discharged a firearm proximately causing death to the victim. (*Offley*, at p. 593.) Thereafter, he filed a petition for resentencing, claimed he was convicted based on theories of imputed malice, and it was denied. (*Id*. at p. 594.)

*Offley* held the trial court erroneously denied the petition without issuing an order to show cause: "Because an enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*Offley*, *supra*, 48 Cal.App.5th at p. 598.) While the record of conviction might otherwise establish the petitioner was not convicted based on imputed malice, "[i]n this case, … we cannot rule out the possibility that the jury relied on the natural and probable consequences doctrine in convicting [the petitioner]. The trial court instructed the jury on the natural and probable consequences doctrine as part of its instruction on conspiracy liability[] …. (*Id*. at p. 599.) "The jury might have concluded that [the petitioner]

14.

intended to take part in a conspiracy to commit assault with a firearm, or to fire into an occupied vehicle, with the aim of either injuring or merely frightening [the victim]. The jury could have then concluded that [the victim's] death was the natural and probable consequence of the conspiracy and convicted [the petitioner] of murder without finding beyond a reasonable doubt that he acted with malice aforethought. For this reason, we cannot say that [that petitioner] 'is ineligible for relief as a matter of law.' " (*Id.* at p. 599.)

As explained above, the entirety of the instructions on murder and attempted murder establish that appellant was not convicted based on any theories of imputed malice. As for the personal discharge enhancements, in contrast to *Offley*, there were no instructions given in this case that would have permitted the jury to convict appellant of murder or attempted murder without finding beyond a reasonable doubt that he had acted with malice aforethought and the intent to kill.

### *CALCRIM No. 520*

Next, we note that in his supplemental briefing filed with the trial court, appellant argued the district attorney relied on the natural and probable consequences doctrine in his closing argument and addressed "imputed malice." While the reporter's transcript of closing argument is not before this court, appellant provided quotes from that argument that allegedly supported his assertions, where the prosecutor addressed the murder charge and " 'implied malice.' "

The record refutes appellant's assertions about imputed malice. Based upon appellant's own briefing, it is clear that the prosecutor was addressing implied malice as it related to the charge of murder. The jury was instructed with CALCRIM No. 520, that defined murder, and express and implied malice, and stated the defendant acted with implied malice if he intentionally committed an act; the natural and probable consequences of the act were dangerous to human life; at the time he acted, he knew his

15.

act was dangerous to human life; and he deliberately acted with conscious disregard for human life.

CALCRIM No. 520's definition of implied malice is not the same as the natural and probable consequences doctrine or imputed malice. "Second degree implied malice murder … is not based on a theory of imputed malice." (*People v. Schell* (2022) 84 Cal.App.5th 437, 444.) "Although the instructions related to implied malice and the natural and probable consequences doctrine of aiding and abetting include similar language regarding a 'natural consequence,' they are distinctly different concepts." (*People v. Soto*, *supra*, 51 Cal.App.5th at p. 1056; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205.) Senate Bill 1437 eliminated natural and probable consequences liability for second degree murder based on imputed malice, but implied malice remains a valid theory of second degree murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 850; *People v. Schell*, *supra*, 84 Cal.App.5th at p. 444.)

### *Allegations of Trial Error*

In his supplemental brief filed with this court, appellant argues that at the hearing on his section 1172.6 petition, the trial court failed to address issues he raised in his pro. per. brief filed in support of his petition about various evidentiary issues at his jury trial, including his alleged mental state at the time of the crimes, that he lacked the intent to kill, and his claims of new evidence.

Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438, fn. omitted.) "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding.… The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to

16.

provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) The trial court was not required to address appellant's claims of trial error.

### *Allegations of Ineffective Assistance*

Finally, appellant argues the attorney who was appointed to represent him at the section 1172.6 hearing was prejudicially ineffective by failing to file briefing, address the merits of the issues he raised in his own pro. per. brief, and failing to raise his claims of trial error. As explained above, the entirety of the record reflects appellant was ineligible for relief under section 1172.6 as a matter of law, he could not raise claims of trial error at the section 1172.6 hearing, and an attorney is not ineffective for failing to raise meritless objections or motions. (*People v. Lucero* (2000) 23 Cal.4th 692, 732.)

The jury instructions and verdict demonstrate appellant is ineligible for relief under section 1172.6 as a matter of law, and the court correctly denied his petition for failing to state a prima facie case.

### DISPOSITION

The court's order of June 3, 2022, denying appellant's petition, is affirmed.